EWM/TRT            File No. 21N-017

**UNITED STATES DISTRICT COURT**
**NORTHER DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| EDWARD MALONEY and SARAH MALONEY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, by and through )<br>its agents and employees, including but not limited )<br>to JAMES HANSEN, VILLAGE OF NEW )<br>LENOX, a Municipal Corporation, by and through )<br>its agents and employees, including but not limited )<br>to JAMES HANSEN, and JAMES HANSEN, )<br>Individually, )<br>)<br>Defendants. ) | NO: 22-cv-929<br><br>**JURY DEMAND** |

**COMPLAINT AT LAW**

The plaintiffs, EDWARD MALONEY and SARAH MALONEY, by and through their attorneys, McNABOLA & ASSOCIATES, LLC, complaining of the defendants, UNITED STATES OF AMERICA, by and through its agents and employees, including but not limited to JAMES HANSEN, VILLAGE OF NEW LENOX, a Municipal Corporation, by and through its agents and employees, including but not limited to JAMES HANSEN, and JAMES HANSEN, Individually, state as follows:

**INTRODUCTION**
*Parties, Jurisdiction and Venue*

1. The plaintiff, EDWARD MALONEY, is a resident of the Village of LaGrange, County of Cook, State of Illinois.

2. The plaintiff, SARAH MALONEY, is a resident of the Village of LaGrange, County of Cook, State of Illinois.

3. On or about April 6, 2021, and at all times material, the defendant, VILLAGE OF NEW LENOX, was a Municipal Corporation organized and existing in the County of Will, State of Illinois.

4. The defendant, UNITED STATES OF AMERICA, is amenable to suit pursuant to the provisions of the Federal Tort Claims Act. 28 U.S.C. §§1346(b)(1), 2671-80.

5. Pursuant to 28 U.S.C. §1346(b)(1), this Court has exclusive subject matter jurisdiction over the UNITED STATES OF AMERICA.

6. Pursuant to 28 U.S.C. §1367, this Court has supplemental jurisdiction over the VILLAGE OF NEW LENOX and JAMES HANSEN by virtue of the fact the claims against the VILLAGE OF NEW LENOX and JAMES HANSEN are related to the claims against the UNITED STATES OF AMERICA and form the same case or controversy.

7. Venue in this Court is proper pursuant to 28 U.S.C. §1402(b).

8. On August 19, 2021, in conformity with 28 U.S.C. §2675, the plaintiff, EDWARD MALONEY, submitted written notice to the Department of Homeland Security, Office of the General Counsel, setting forth the plaintiff's claim for damages in the amount of forty-five million dollars ($45,000,000.00). As of February 21, 2022, neither Plaintiffs, nor their counsel, have received notice of an administrative decision. Therefore, all administrative remedies have been exhausted.

*Allegations Common to All Counts*

9. On April 6, 2021, and at all times material, the Department of Homeland Security was a federal agency of the UNITED STATES OF AMERICA, as defined by 28 U.S.C. §2671.

10. Upon information and belief, on and before April 6, 2021, and at all times material, the Department of Homeland Security would regularly employ members of local law enforcement, who would act on behalf of the agency, in carrying out its mission.

11. On April 6, 2021, and at all times material, the defendant, JAMES HANSEN, was an employee of the Department of Homeland Security, acting within the course and scope of that relationship.

12. On April 6, 2021, and at all times material, the defendant, JAMES HANSEN, acted as an actual agent of the Department of Homeland Security.

13. On April 6, 2021, and at all times material, the defendant, JAMES HANSEN, acted as an apparent agent of the Department of Homeland Security.

14. On April 6, 2021, and at all times material, the defendant, JAMES HANSEN, was an employee of the VILLAGE OF NEW LENOX, acting within the course and scope of that relationship.

15. On April 6, 2021, and at all times material, the defendant, JAMES HANSEN, acted as an actual agent of the VILLAGE OF NEW LENOX.

16. On April 6, 2021, and at all times material, the defendant, JAMES HANSEN, acted as an apparent agent of the VILLAGE OF NEW LENOX.

17. On and before April 6, 2021, Oakbrook Terrace Tower was an office skyscraper located at 1 Tower Lane in the City of Oakbrook Terrace, County of DuPage, State of Illinois.

18. On and before April 6, 2021, the Department of Homeland Security maintained an office located on the 16th Floor of Oakbrook Terrace Tower.

19. On and before April 6, 2021, Oakbrook Terrace Tower was surrounded by a network of parking lots.

20. On April 6, 2021, upon information and belief, the defendant, JAMES HANSEN, was enroute to a meeting at the Department of Homeland Security at their office in Oakbrook Terrace Tower.

21. On April 6, 2021, the plaintiff, EDWARD MALONEY, was performing maintenance work to a sewer drain in a parking aisle in the above referenced parking lot.

22. On April 6, 2021, the plaintiff, EDWARD MALONEY, demarcated the area he was performing maintenance work by placing large white buckets around the perimeter of his work zone.

## COUNT I
### *Edward Maloney v. The United States of America*
### *Negligence*

1-22. The plaintiff, EDWARD MALONEY, reasserts and realleges paragraphs one (1) through twenty-two (22) of this Complaint as if set forth fully herein.

23. On April 6, 2021, the defendant, UNITED STATES OF AMERICA, by and through the Department of Homeland Security, by and through its authorized agent and employee, JAMES HANSEN, owned, operated, managed, maintained and/or controlled a motor vehicle travelling in the above referenced parking lot.

24. On April 6, 2021, the motor vehicle owned, operated, managed, maintained and/or controlled by the defendant, UNITED STATES OF AMERICA, by and through the Department of Homeland Security, by and through its authorized agent and employee, JAMES HANSEN, turned westbound into the above referenced parking aisle and then and there came into violent contact with the plaintiff, EDWARD MALONEY.

25. On April 6, 2021, and at all times material, it was the duty of the UNITED STATES OF AMERICA, by and through the Department of Homeland Security, by and through its

authorized agent and employee, JAMES HANSEN, to act with reasonable care in the operation of a motor vehicle so as not endanger the safety of the public, including the plaintiff, EDWARD MALONEY.

26. On April 6, 2021, the defendant, UNITED STATES OF AMERICA, by and through the Department of Homeland Security, by and through its authorized agent and employee, JAMES HANSEN, was negligent in or more of the following respects:

    a. Carelessly and negligently operated, managed, maintained, and/or controlled, and drove his motor vehicle into a collision with the plaintiff, EDWARD MALONEY;
    b. Carelessly and negligently operated his motor vehicle without keeping proper lookout;
    c. Carelessly and negligently proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions, or which endangered the safety of person in violation of 625 ILCS 5/11-601;
    d. Carelessly and negligently failed to decrease speed so as to avoid a collision, in violation of 625 ILCS 5/11-601;
    e. Carelessly and negligently failed to equip said motor vehicle with adequate brakes, in violation of 625 ILCS 5/12-301;
    f. Carelessly and negligently failed to give audible warning with his horn when such warning was reasonably necessary to ensure safety, in violation of 625 ILCS 5/11-1003.1;
    g. Carelessly and negligently failed to exercise due care in violation of 625 ILCS 5/11-1003.1; and/or
    h. Was otherwise careless and/or negligent.

27. On April 6, 2021, as a proximate result of the foregoing negligent acts and/or omissions by the defendant, UNITED STATES OF AMERICA, by and through the Department of Homeland Security, by and through its authorized agent and employee, JAMES HANSEN, the plaintiff, EDWARD MALONEY, suffered injuries of a personal and pecuniary nature.

WHEREFORE, the plaintiff, EDWARD MALONEY, demands judgment against the defendant, UNITED STATES OF AMERICA, by and through the Department of Homeland Security, by and through its authorized agent and employee, JAMES HANSEN, in excess of the

jurisdictional minimum of SEVENTY-FIVE THOUSAND AND 00/100 DOLLARS ($75,000.00).

## COUNT II
*Sarah Maloney v. The United States of America*
*Loss of Consortium*

1-27. The Plaintiff, SARAH MALONEY, reasserts and realleges paragraphs one (1) through twenty-seven (27) of Count I as if set forth fully herein.

28. At all times relevant, SARAH MALONEY was the legal spouse of EDWARD MALONEY.

29. As a proximate result of the aforesaid negligent acts or omissions of THE UNITED STATES OF AMERICA, by and through the Department of Homeland Security, by and through its authorized agent and employee, JAMES HANSEN, SARAH MALONEY suffered a loss of consortium, including but not limited to loss of love, society, affection, relationship and companionship with her spouse, EDWARD MALONEY. The losses have been incurred in the past and are reasonably certain to occur in the future. All or some of them are permanent.

WHEREFORE, the plaintiff, SARAH MALONEY, demands judgment against the defendant, THE UNITED STATES OF AMERICA, by and through the Department of Homeland Security, by and through its authorized agent and employee, JAMES HANSEN, in excess of the jurisdictional minimum of SEVENTY-FIVE THOUSAND AND 00/100 DOLLARS ($75,000.00).

## COUNT III
*Edward Maloney v. The Village of New Lenox*
*Negligence*

1-22. The plaintiff, EDWARD MALONEY, reasserts and realleges paragraphs one (1) through twenty-two (22) of this Complaint as if set forth fully herein.

23. On April 6, 2021, the defendant, VILLAGE OF NEW LENOX, by and through its authorized agent and employee, JAMES HANSEN, owned, operated, managed, maintained and/or controlled a motor vehicle travelling in the above referenced parking lot.

24. On April 6, 2021, the motor vehicle owned, operated, managed, maintained and/or controlled by the defendant, VILLAGE OF NEW LENOX, by and through its authorized agent and employee, JAMES HANSEN, turned westbound into the above referenced parking aisle and then and there came into violent contact with the plaintiff, EDWARD MALONEY.

25. On April 6, 2021, and at all times material, it was the duty of the VILLAGE OF NEW LENOX, by and through its authorized agent and employee, JAMES HANSEN, to act with reasonable care in the operation of a motor vehicle so as not endanger the safety of the public, including the plaintiff, EDWARD MALONEY.

26. On April 6, 2021, the defendant, VILLAGE OF NEW LENOX, by and through its authorized agent and employee, JAMES HANSEN, was negligent in or more of the following respects:

    a. Carelessly and negligently operated, managed, maintained, and/or controlled, and drove his motor vehicle into a collision with the plaintiff, EDWARD MALONEY;
    b. Carelessly and negligently operated his motor vehicle without keeping proper lookout;
    c. Carelessly and negligently proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions, or which endangered the safety of person in violation of 625 ILCS 5/11-601;
    d. Carelessly and negligently failed to decrease speed so as to avoid a collision, in violation of 625 ILCS 5/11-601;
    e. Carelessly and negligently failed to equip said motor vehicle with adequate brakes, in violation of 625 ILCS 5/12-301;
    f. Carelessly and negligently failed to give audible warning with his horn when such warning was reasonably necessary to ensure safety, in violation of 625 ILCS 5/11-1003.1;
    g. Carelessly and negligently failed to exercise due care in violation of 625 ILCS 5/11-1003.1; and/or
    h. Was otherwise careless and/or negligent.

27. On April 6, 2021, as a proximate result of the foregoing negligent acts and/or omissions by the defendant, VILLAGE OF NEW LENOX, by and through its authorized agent and employee, JAMES HANSEN, the plaintiff, EDWARD MALONEY, suffered injuries of a personal and pecuniary nature.

WHEREFORE, the plaintiff, EDWARD MALONEY, demands judgment against the defendant VILLAGE OF NEW LENOX, by and through its authorized agent and employee, JAMES HANSEN, in excess of the jurisdictional minimum of SEVENTY-FIVE THOUSAND AND 00/100 DOLLARS ($75,000.00).

## COUNT IV
*Sarah Maloney v. The Village of New Lenox*
*Loss of Consortium*

1-27. The Plaintiff, SARAH MALONEY, reasserts and realleges paragraphs one (1) through twenty-seven (27) of Count III as if set forth fully herein.

28. At all times relevant, SARAH MALONEY was the legal spouse of EDWARD MALONEY.

29. As a proximate result of the aforesaid negligent acts or omissions of the VILLAGE OF NEW LENOX, by and through its authorized agent and employee, JAMES HANSEN, SARAH MALONEY suffered a loss of consortium, including but not limited to loss of love, society, affection, relationship and companionship with her spouse, EDWARD MALONEY. The losses have been incurred in the past and are reasonably certain to occur in the future. All or some of them are permanent.

WHEREFORE, the plaintiff, SARAH MALONEY, demands judgment against the defendant, VILLAGE OF NEW LENOX, by and through its authorized agent and employee,

JAMES HANSEN, in excess of the jurisdictional minimum of SEVENTY-FIVE THOUSAND AND 00/100 DOLLARS ($75,000.00).

## COUNT V
### *Edward Maloney v. James Hansen, Individually*
### *Negligence*

1-22. The plaintiff, EDWARD MALONEY, reasserts and realleges paragraphs one (1) through twenty-two (22) of this Complaint as if set forth fully herein.

23. On April 6, 2021, the defendant, JAMES HANSEN, Individually, owned, operated, managed, maintained and/or controlled a motor vehicle travelling in the above referenced parking lot.

24. On April 6, 2021, the motor vehicle owned, operated, managed, maintained and/or controlled by the defendant, JAMES HANSEN, Individually, turned westbound into the above referenced parking aisle and then and there came into violent contact with the plaintiff, EDWARD MALONEY.

25. On April 6, 2021, and at all times material, it was the duty of JAMES HANSEN, Individually, to act with reasonable care in the operation of a motor vehicle so as not endanger the safety of the public, including the plaintiff, EDWARD MALONEY.

26. On April 6, 2021, the defendant, JAMES HANSEN, Individually, was negligent in or more of the following respects:

    a. Carelessly and negligently operated, managed, maintained, and/or controlled, and drove his motor vehicle into a collision with the plaintiff, EDWARD MALONEY;
    b. Carelessly and negligently operated his motor vehicle without keeping proper lookout;
    c. Carelessly and negligently proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions, or which endangered the safety of person in violation of 625 ILCS 5/11-601;
    d. Carelessly and negligently failed to decrease speed so as to avoid a collision, in violation of 625 ILCS 5/11-601;

    e.    Carelessly and negligently failed to equip said motor vehicle with adequate brakes, in violation of 625 ILCS 5/12-301;

    f.    Carelessly and negligently failed to give audible warning with his horn when such warning was reasonably necessary to ensure safety, in violation of 625 ILCS 5/11-1003.1;

    g.    Carelessly and negligently failed to exercise due care in violation of 625 ILCS 5/11-1003.1; and/or

    h.    Was otherwise careless and/or negligent.

27. On April 6, 2021, as a proximate result of the foregoing negligent acts and/or omissions by the defendant, JAMES HANSEN, Individually, the plaintiff, EDWARD MALONEY, suffered injuries of a personal and pecuniary nature.

WHEREFORE, the plaintiff, EDWARD MALONEY, demands judgment against the defendant, JAMES HANSEN, Individually, in excess of the jurisdictional minimum of SEVENTY-FIVE THOUSAND AND 00/100 DOLLARS ($75,000.00).

## COUNT VI
*Sarah Maloney v. James Hansen, Individually*
*Loss of Consortium*

1-27. The Plaintiff, SARAH MALONEY, reasserts and realleges paragraphs one (1) through twenty-seven (27) of Count V as if set forth fully herein.

28. At all times relevant, SARAH MALONEY was the legal spouse of EDWARD MALONEY.

29. As a proximate result of the aforesaid negligent acts or omissions of the JAMES HANSEN, Individually, SARAH MALONEY suffered a loss of consortium, including but not limited to loss of love, society, affection, relationship and companionship with her spouse, EDWARD MALONEY. The losses have been incurred in the past and are reasonably certain to occur in the future. All or some of them are permanent.

WHEREFORE, the plaintiff, SARAH MALONEY, demands judgment against the defendant, JAMES HANSEN, Individually, in excess of the jurisdictional minimum of SEVENTY-FIVE THOUSAND AND 00/100 DOLLARS ($75,000.00).

    Respectfully submitted,

    /s/ Edward W. McNabola
    Attorney for Plaintiffs

Edward W. McNabola, Esq. (ARDC #6211511)
Thomas R. Trench, Esq. (ARDC #6324766)
**McNABOLA & ASSOCIATES, LLC**
161 North Clark Street, Suite 2550
Chicago, Illinois 60601
(312) 888-7000
ted@injuryillinois.com
tom@injuryillinois.com